UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLOYD E. KOHN,

    Petitioner,

v.                                                     Case No. 1:16-CV-1375

WILLIE SMITH,                        HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a habeas corpus action brought by Floyd Kohn, a state prisoner, under 28 U.S.C. § 2254. Respondent filed an opposition to Kohn's petition (ECF No. 10), and Kohn responded. (ECF No. 12.) Magistrate Judge Phillip Green issued a thorough 33-page Report and Recommendation (R & R) recommending that the Court deny Kohn's habeas petition. (ECF No. 15.) Kohn filed a 17-page[1] Objection to the R & R. (ECF No. 16.)

Under Federal Rule of Civil Procedure 72(b), a petitioner "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a petitioner objects. Under 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Kohn's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

---

[1] Excluding the additional writing he included on the envelope in which he mailed his Objection.

The R & R provided a thorough overview of the facts of Kohn's criminal case, Kohn's appellate history, the applicable standards, and reasons to deny each ground in Kohn's habeas petition. The R & R recommended denying the petition because:

- Many of Kohn's ineffective assistance of counsel claims were procedurally defaulted;
- Kohn failed to allege a valid conflict of interest claim;
- Kohn failed to show how a polygraph exam—which is inadmissible at trial in Michigan—would have affected the trial's outcome;
- Kohn's assertions that his absence from statewide and national pseudoephedrine databases are without merit;
- Kohn failed to identify any grounds to warrant a mistrial or dismissal;
- The jury's not-guilty verdict for Kohn's charge of unauthorized use of a vehicle nullified any need for further questioning on the subject at trial;
- Kohn's sufficiency of the evidence arguments were without merit and not in line with clearly established federal law;
- Kohn's withholding of favorable evidence claim was procedurally defaulted;
- Kohn's claim for a new trial based on the pseudoephedrine database is not cognizable, and any error would be harmless.

Kohn's Objection is largely comprised of a recounting of the facts and arguments he raised in his initial petition. Kohn repeatedly objects that the R & R is "incomplete/unfinished/odd/illogical." (ECF No. 16 at PageID.1086.) On the contrary, the Court finds that the R & R demonstrated a thorough understanding of the case—the factual and procedural history and relevant law. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been

presented before, is not an 'objection' as that term is used in this context." *VanDiver v. Martin*, 304 F. Supp. 3d 934, 937 (E.D. Mich. 2004).

Kohn's Objection does nothing more than state a disagreement with the magistrate's suggested resolution, and simply summarizes what he has presented before. It is without merit, unsupported by law, and/or is adequately addressed in the R & R. For example, Kohn asserts that his claims were not procedurally defaulted because he has "written the Supreme Court 3 times about things they never answered or give a ruling to on no avail." (ECF No. 16 at PageID.1075.) The R & R discussed Kohn's procedural history through the appellate process and the relevant law before concluding that certain claims were procedurally defaulted, and Kohn's ex parte communications with judges and courts are no basis for relief.[2]

Accordingly, the Court will adopt the R & R.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Kohn has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000); *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Kohn's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of

---

[2] For example, Kohn wrote a letter to then-Chief Justice Young of the Michigan Supreme Court. (ECF No. 1-1 at PageID.17–19.)

the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Kohn's claims was debatable or wrong. Thus, the Court will deny Kohn a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation (ECF No. 15) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objections (ECF No. 16) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED**.

A separate judgment will issue.


Dated: March 19, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE